# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF PETITIONER, <br><br> LORENA A. SORIA | Case No. 2:15-cv-00498-MMD-NJK <br><br> ORDER DENYING PETITION FOR SUBPOENAS WITHOUT PREJUDICE <br> (Docket No. 1) |

Pending before the Court is Petitioner Lorena A. Soria's petition for the issuance of subpoenas. Docket No. 1.[1] Petitioner indicates that there is a trademark cancellation proceeding pending in the Trademark Trial and Appeal Board. *See id.* at 2. Petitioner appears to be seeking broad financial information, including bank statements, copies of checks, and income tax returns, for a number of years from three different banks, the Internal Revenue Service, and an individual. *See id.* Without further elaboration, Plaintiff seeks issuance of subpoenas for such documents "pursuant to the provisions [of] 35 U.S.C. § 24, Chapter 2 and Fed R Civ. P 45 and 34." *Id.* at 1.

The Court has subpoena authority under 35 U.S.C. § 24, which provides in pertinent part:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district

---

[1] Petitioner is proceeding in this action *pro se*, and the Court construes her pleading liberally. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

> authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

Section 24 only explicitly addresses the Court's power to issue subpoenas to appear and testify, but the Patent and Trademark Office apparently construes the statute as also providing authority to issue subpoenas *duces tecum*. *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 n.11 (Fed. Cir. 2013). This statute does not provide the Court with unlimited subpoena authority, nor does it provide litigants with *carte blanch* discretion to obtain discovery through its mere invocation. Instead, there are a number of pertinent restrictions and limitations. Here, Petitioner has failed to make a sufficient showing that issuing the requested subpoenas for production of documents is proper.

First, the scope of this Court's authority under section 24 is limited to those witnesses "residing or being within" this District. Petitioner has failed to show that each person or entity for which a subpoena is sought meet that criteria.[2]

Second, the scope of this Court's authority under Section 24 is limited to discovery "for use" in a qualifying PTO proceeding.[3] Petitioner fails to explain (and the Court fails to discern) how the financial documents sought relate in any way to the pending PTO proceeding. Indeed, Petitioner has failed to even indicate that the discovery is sought for use in the PTO.

For the reasons discussed above, the pending request for issuance of subpoenas is **DENIED** without prejudice. To the extent Petitioner believes she can cure the deficiencies discussed above, she may renew her request with this Court. **Any renewed request shall be filed no later than May 13,**

---

[2] Petitioner provides the same address for each of the banks at issue, as well as for the individual. *See* Docket No. 1-2. Petitioner provides no address or other information concerning the Internal Revenue Service. *See id.* at 2. Moreover and relatedly, the subpoenas submitted also provide the same address for each bank and no address for the Internal Revenue Service. *See* Docket No. 1-1. The Court notes that, in the event subpoenas are issued, they must be properly served on each entity from which discovery is sought. *See, e.g.*, Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person").

[3] The Court notes that "section 24 only empowers district courts to issue subpoenas in proceedings for which the PTO has authorized parties to present evidence by means of depositions." *Abbott Labs.*, 710 F.3d at 1326. It appears that trademark cancellation proceedings are such a proceeding. *See id.* at 1327 n.12; *see also* 37 C.F.R. § 2.120(b).

**2015.  The failure to renew the request by that date will result in the Court administratively closing this action.**

  The Court cautions Petitioner that she has a duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  Fed. R. Civ. P. 45(d).  If Petitioner fails to do so, this Court "must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees."  *Id.*  Petitioner should ensure that any further request for discovery from this Court comports with that duty.

  IT IS SO ORDERED.

  DATED: April 29, 2015

_____
Nancy J. Koppe
United States Magistrate Judge